IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLENN E. MIXON,
    Plaintiff,

vs.                                                  Case No.: 5:09cv324/RH/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the court upon a Petition for Attorney Fees Under the Equal Access to Justice Act ("EAJA") filed by Plaintiff's attorney, Heather Freeman (hereinafter "Petitioner"), on June 13, 2011 (doc. 36). Petitioner seeks an award of EAJA fees, payable to her, in the amount of $5,523.46 (*id.* at 1). Defendant Michael J. Astrue (hereinafter "the Commissioner") has responded to the motion (doc. 39). The Commissioner states that the parties have agreed to an award of EAJA fees in the lesser amount of $4,967.64, although he contends the award is properly payable to Plaintiff, not Petitioner (doc. 39 at 1).

●     Eligibility for Award of Fees

       The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty (30) days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

       In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party" and as such was entitled to attorney fees and expenses under the EAJA. In the instant case, on March 14, 2011, the court reversed the decision of the Commissioner, remanded the case pursuant to sentence four of § 405(g), and entered judgment in favor of Plaintiff (*see* docs. 28, 29, 30). Moreover, Petitioner's application

for EAJA fees was timely filed,[1] the Commissioner's position was not substantially justified, and the Commissioner agrees that fees should be paid in this case. Accordingly, an award of fees is appropriate.

- Amount of Fees

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Petitioner originally sought compensation for 3.7 attorney hours expended on Plaintiff's behalf in 2009 at an hourly rate of $172.25 ($637.33), and 27.9 attorney hours expended in 2010 and 2011 at an hourly rate of $175.13 ($4,886.13), resulting in a total award of $5,523.46 (*see, e.g.,* doc. 36 at 4 & n.1), but—as noted *supra*—the parties have since agreed to an award in the lesser amount of $4,967.64. Although the basis of the parties' agreement is unknown, it appears that the agreed-upon fee is likely based upon reduced hours, as opposed to reduced hourly rates, as the Commissioner—in the undersigned's experience—has rarely objected to hourly rates greater than $125.00. Thus, although Petitioner apparently seeks an award based in part upon hourly rates higher than $125.00, this court concludes that amounts greater than $125.00 per hour are reasonable, as has been found in numerous recent cases. *See, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005). The court also concludes that the hours expended by Petitioner on Plaintiff's behalf (i.e., apparently less than 31.6 hours) are reasonable. Accordingly, an award in the amount of $4,967.64, as agreed upon by the parties, is appropriate.

- Whether Fee is Payable to Plaintiff or his Counsel

The remaining question concerns to whom the EAJA award is payable. In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is

---

[1] "In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." Shalala, 509 U.S. at 298 (citation omitted).

payable to the litigant, not to the litigant's attorney. *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award. Ratliff, 130 S. Ct. at 2528–29.[2]

Before the Ratliff decision, the undersigned followed the common practice of other courts in this district and circuit by routinely recommending payment to counsel when an assignment of benefits by the plaintiff was included with counsel's petition. *See, e.g.*, Turner v. Astrue, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for plaintiff where valid EAJA assignment had been made); Buffin v. Astrue, No. 3:05cv1289/J/TEM, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same); *see also* Ratliff, 130 S. Ct. at 2528 (noting the Government's "history of paying EAJA awards directly to attorneys in certain cases"). The common practice, however, appears to have evolved without the benefit of knowing whether the plaintiffs, as "prevailing parties," were responsible for debts owed to the government, and thus subject to offsets. Indeed, in the undersigned's previous practice, the parties did not discuss whether the plaintiffs owed debts to the United States, and the Commissioner did not object to payment of EAJA awards directly to counsel in light of the plaintiffs' assignments. Since the Supreme Court's decision in Ratliff, however, the matter of a plaintiff's outstanding debt is frequently raised by parties in connection with applications for EAJA fees, and it has been raised in the instant case.

Here, Petitioner requests payment of the EAJA fee directly to her, in light of Plaintiff's assignment of the EAJA fee to her, while seemingly acknowledging—albeit indirectly—that the award may be offset to satisfy an outstanding debt to the United States, if Plaintiff owes such a debt (*see* doc. 36 at 3). Petitioner states she attempted to contact the United States Treasury Department to determine whether Plaintiff owes a qualifying debt, but she was unable to do so (doc. 36 at 3). Thus, Petitioner contends, the EAJA award should be made payable to her (*id.*).

The undersigned concludes that the EAJA award should be made payable to Plaintiff, not Petitioner. First, and most important, this conclusion is in line with Ratliff, 130 S. Ct. at 2521. Second, even if Petitioner had been able to confirm that Plaintiff owed no debt to the United States, the Commissioner has recently stated in other cases in this district that he is required to make a separate inquiry regarding whether a claimant owes a qualifying debt and, further, that his inquiry cannot be made until after this court has issued an order on a petition for EAJA fees. *See, e.g.,* Nakas v. Astrue, Case No. 5:09cv358/RS/WCS, doc. 27; Anderson v. Astrue, Case No.

---

[2] In Ratliff, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff has done in the instant case (*see* doc. 36 at 3; doc. 36-4).

5:09cv282/RS/MD, doc. 24.  Thus, the check should simply be made payable to Plaintiff and sent to Petitioner's office so that Plaintiff and Petitioner may mutually implement their fee agreement without this court's involvement.  *See* Nakas, docs. 30, 31 (respectively, report and recommendation, issued February 16, 2011, recommending same, and order, issued March 16, 2011, adopting report and recommendation); Anderson, docs. 25, 26 (respectively, report and recommendation, issued February 25, 2011, recommending same, and order, issued March 30, 2011, adopting report and recommendation); Cook v. Astrue, Case No. 5:09cv72/RS/EMT (same).  *See also* Young v. Commissioner, No. 3:09cv574/J/MCR, 2010 WL 3043428, at *2 (M.D. Fla. July 30, 2010) ("While Plaintiff's counsel presented a document executed by Plaintiff that purports to assign future EAJA fees, nothing in the record supports a determination that Plaintiff does not currently owe a federal debt.  Therefore, the attorney's fees awarded under the EAJA shall be payable directly to Plaintiff.");[3]  Preston v. Astrue, No. 3:08cv991/J/TEM, 2010 WL 3522156, at *2 (M.D. Fla. Sep. 8, 2010) ("In light of Ratliff, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.  The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees."); Rathke v. Astrue, No. 08-5084/JLV, 2010 WL 3363380, at *3–4 (D.S.D. Aug. 23, 2010) (rejecting argument that assignment required EAJA award to be paid to claimant's attorney and noting, "The state statutes cited by [claimant's attorney] do not alter the Supreme Court's ruling in Ratliff nor does the existence of a fee agreement . . . the court is bound by Supreme Court precedent to order the EAJA award in its entirety be paid directly to [the claimant]").

Accordingly, it respectfully **RECOMMENDED** that the Petition for Attorney Fees Under the Equal Access to Justice Act" (doc. 36) be **GRANTED** as follows:

1. Plaintiff, Glenn E. Mixon, shall recover fees in the amount of $4,967.64, for time expended by his counsel in representing him before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA).  The United States forthwith shall issue a check payable directly to Mr. Mixon.

2. Plaintiff's payment shall be mailed to his attorney, Heather M. Freeman, at 55 W. Monroe Street, Suite 2440, Chicago, IL  60603.

---

[3] As Ratliff was decided on June 14, 2010, the Young case and the cases that follow in this Report were all decided after Ratliff.

At Pensacola, Florida, this 12th day of July 2011.

/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).